IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:11-CV-77-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES D. SIZEMORE, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 13) by plaintiff United States of America ("plaintiff") for the issuance of a subpoena duces tecum to compel defendant James D. Sizemore ("defendant") to appear, produce documents, and give testimony at a deposition. Plaintiff has filed a memorandum (D.E. 14) in support of its motion. Defendant has not filed a response. The motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* D.E. 15). For the reasons and on the terms set forth below, the motion will be allowed.

## BACKGROUND

Plaintiff commenced this action on 13 April 2011 to collect on unpaid student loan debt. (Compl. (D.E. 1)). Defendant failed to answer or otherwise respond to the complaint and on 25 May 2011, plaintiff filed a motion for entry of default (D.E. 4), which was allowed by the clerk of court (D.E. 5). On 7 July 2011, plaintiff filed a motion for default judgment (D.E. 6), which was allowed (D.E. 7), and judgment was entered (D.E. 8) against defendant on 4 August 2011.

## DISCUSSION

I. APPLICABLE LEGAL STANDARDS

In an action to collect federal judgment debt, the United States is permitted to take discovery of the debtor's financial condition in the manner authorized by the Federal Rules of Civil Procedures. 28 U.S.C. § 3015(a). The Federal Civil Rules enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. *See generally* Fed. R. Civ. P. 26-37, 45. Rule 45 outlines the procedure for issuing subpoenas and directs a party to respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(2)(B), (c)(3); *see also In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

Rule 26 provides for a broad scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly

2

construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Where a party timely files a motion to quash a subpoena that fails to allow a reasonable time to reply, requires disclosure of privileged or protected matter, or imposes an undue burden, the court must quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(i), (iii), (iv); *see also Robinson v. Equifax*, No. 4:10-CV-84-BO, 2011 WL 285232, at *4 (E.D.N.C. 26 Jan. 2011); *In re Subpoena to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) ("A subpoena imposes an undue burden when a subpoena is overbroad."). In addition, the court may quash a subpoena if it, among other things, compels disclosure of a trade secret or requires a nonparty to incur substantial expense. Fed. R. Civ. P. 45(c)(3)(B)(i), (iii); *see also Sec. & Exchange Comm. v. White*, No. 8:11-944-HMH, 2011 WL 1544202, at *2 (D. S.C. 22 Apr. 2011).

II.  PLAINTIFF'S PROPOSED SUBPOENA

Plaintiff requests court approval for the issuance of a subpoena to defendant to compel him to attend, give testimony, and provide the requested documents. It previously served on defendant a notice of deposition and subpoena duces tecum requiring him to appear for deposition on 15 September 2011 (D.E. 14-1). Defendant did not so appear or otherwise object, and plaintiff accordingly filed the instant motion to compel him to comply.

The court has reviewed the subpoena proposed by plaintiff and finds it to be reasonable. Therefore, the motion is ALLOWED. Plaintiff is permitted to re-serve its notice of deposition and subpoena decus tecum (D.E. 14-1) as proposed with the exception of providing a new date and time for compliance that is at least 14 days from the date of this Order. Defendant is hereby ORDERED to comply with plaintiff's re-issued subpoena.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion to compel for the issuance of a subpoena duces tecum (D.E. 42) is ALLOWED and plaintiff may serve its proposed subpoena on the terms set forth above. Defendant is ordered to comply.

SO ORDERED, this the 18 day of April 2012.

James E. Gates
United States Magistrate Judge

4